# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

AARON DURALL, et al,

      Defendants.

Case No.
3:20-CR-86-TJC-PDB

## MOTION TO STRIKE SURPLUSAGE

Defendant, Aaron Durall, moves the court to strike surplusage from the indictment that is prejudicially irrelevant and unrelated to the allegations of fraud that are at the heart of the charges.

In Doc. 180, ¶ 28, it is alleged that Durall and Perez paid money to "recruiters" for soliciting and referring urine samples and describes those payments as "kickbacks." Yet, the indictment in this case does not charge Durall or Perez with a violation of any anti-kickback statute. Because, at the time of these alleged payments, it was not a crime to pay others for soliciting and referring urine samples for individuals that received health care benefits from private insurance companies such as the Private Insurers described in the Indictment. *See* Doc. 180, ¶ 28. Indeed, in 2018, in response to concerns that that federal Anti-Kickback Statute (AKS) did not cover such payments, Congress enacted the Eliminating Kickbacks in Recovery Act (EKRA), at Title 18 United States Code, Section, 220, to address payment arrangements like the one described in paragraph 37m of the Superseding Indictment. Because it was not a crime for laboratories to pay recruiters as is described in the Superseding Indictment, the pejorative use of the term "kickbacks" should be stricken as surplusage. The defense does not admit or deny that money was paid to recruiters. If Durall did make such payments, it was not a crime. The use of the pejorative term unduly prejudices his defense.

Rule 7(d), Fed.R.Crim.P. is designed to eliminate language in the indictment that is irrelevant and inflammatory. *United States v. Quinn*, 401 F.Supp.2d 80, 98-100 (D.D.C. 2005); *United States v. Cooper*, 384 F.Supp.2d 958, 959-61 (W.D.W.Va. 2005); *United States v. Wilson*, 565 F.Supp. 1416 (S.D.N.Y. 1983); *United States v. Hubbard*, 474 F.Supp. 64 (D.D.C. 1979); *United States v. Mandel*, 415 F.Supp. 997 (D.Md. 1976).

It is hard to conceive of a more prejudicial item of surplusage than an allegation of criminal conduct (paying kickbacks) that was not a crime at the time of the events alleged in the indictment, but is a crime now. Unraveling that information for the jury is a pointless endeavor which should be accomplished by eliminating the language in the indictment at the outset.

For the foregoing reasons, the defense urges the court to strike the allegation of "kickbacks" from the indictment on page 37m.

Respectfully submitted this 19th day of January, 2021.

| | |
|---|---|
| *s/ Donald F. Samuel* | */s/ Brendan Herbert* |
| Donald F. Samuel | Brendan Herbert |
| Georgia Bar No. 624475 | Florida Bar No. 0076925 |
| GARLAND, SAMUEL & LOEB. P.C. | POLSINELLI PC |
| 3151 Maple Drive, N.E. | 1111 Brickell Avenue, Suite 2800 |
| Atlanta, Georgia 30305 | Miami, FL 33131 |
| 404-262-2225 | Telephone: (305) 921-1820 |
| dfs@gsllaw.com | bherbert@polsinelli.com |
| | |
| *Admitted Pro Hac Vice* | Brian McEvoy |
| | Brian Rafferty |
| | Grace Zoller |
| | POLSINELLI PC |
| | 1201 West Peachtree St NW, Suite 1100 |
| | Atlanta, GA 30309 |
| | Telephone: (404) 253-6000 |
| | Facsimile: (404) 253-6060 |
| | bmcevoy@polsinelli.com |
| | brafferty@polsinelli.com |
| | gzoller@polsinelli.com |

*Counsel for Aaron Durall*

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AARON DURALL, et al,<br><br>　　　　Defendants. | Case No.<br>3:20-CR-86-TJC-PDB |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 19, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

　　　　　　　　　　　　　　　　　　*s/ Brian Rafferty*
　　　　　　　　　　　　　　　　　　Brian Rafferty